**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAROLD ALTVATER<br><br>Defendant. | No. 17-cr-10216-DJC |

**GOVERNMENT'S SUBMISSION CONCERNING ADMISSIBILITY OF ALVATER'S TRADING IN ARIAD IN 2012**

The government submits this brief memorandum to respond to Defendant's objections to the admission of evidence of the Defendant's trading in Ariad stock based on inside information in 2012. Although these trades are not specifically charged as separate counts of securities fraud, this evidence is intrinsic to and completes the story of the charged crimes. Evidence of these and other acts is also admissible pursuant to Federal Rule of Evidence 404(b).

## BACKGROUND

The Defendant is charged in this case with three counts of trading in the stock of Ariad Pharmaceuticals (Ariad) at a time when he had inside information about the stock from his wife, who was then the Director of Safety at Ariad. The Indictment charges three counts, one for trading on or about October 3-4, 2013, one for trading on or about October 24, 2013, and one for trading in December 2013 and January 2014.

The Defendant also bought and sold Ariad stock in late November and December 2012 at a time when his wife had material, non-public information – including specifically the fact that the United States Food & Drug Administration was requiring Ariad to add a black box warning to its label.

## ARGUMENT

I. Certain Evidence of the Defendant's Other Acts Is Admissible as Intrinsic to the Charged Crimes

The evidence of Defendant's trading in late 2012 is evidence of the Defendant's ongoing scheme to misappropriate inside information from his wife to trade in Ariad's stock and is admissible as intrinsic to the story of the charged crimes.

It is well-settled that evidence of other acts that are "intrinsic to the crime for which the defendant is on trial" is admissible without regard for the requirements of Federal Rule of Evidence 404(b). United States v. Epstein, 426 F.3d 431, 439 (1st Cir. 2005) (citation and internal quotation marks omitted) (affirming admission of defendant's tax return because the return was "intertwined with the crime" insofar as it reported some of the income he received from the fraud scheme, but not all of it, suggesting knowledge of the fraud). See also United States v. Roszkowski, 700 F.3d 50, 56 (1st Cir. 2012) (evidence that defendant discharged firearm was properly admissible as intrinsic to charge that he was a felon in passion of a firearm because it "comprise[d] part and parcel of the core events undergirding the crime for which he was charged," and thus did not implicate Rule 404(b)); United States v. Fazal-Ur-Raheman-Fazal, 355 F.3d 40 (1st Cir. 2004) (evidence that defendant threatened his child's mother admissible as "necessary description of the events leading up to the" charged crime of international parental kidnapping, and "intrinsic evidence" of intent, which was an element of the charged offense); United States v. Taylor, 284 F.3d 95, 101 (1st Cir. 2002) (affirming admission of reference to defendant's prior drug transaction on consensual recording with cooperating witness "as part and parcel of an on-going conversation taking place during the crime itself," and citing United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994), for the proposition that "Rule

404(b) is not applicable to evidence of crimes that are necessary to complete the story of the charged crime").

Likewise here, the evidence of the 2012 trading is not offered to show that the Defendant had a propensity to commit crimes, but to show the ongoing access and use of critical inside information by the Defendant. It is part of the story of these crimes that he also had access to and traded on inside information earlier than the specific trades charged.

II. The Other Acts Evidence Is Admissible Pursuant to Fed. R. Evid. 404(b)

The evidence of Defendant's trading in late 2012 is also admissible pursuant to Federal Rule of Evidence 404(b) to demonstrate the pattern of his receiving non-public information and the absence of coincidence or mistake.

Uncharged crimes or "other" acts evidence is admissible pursuant to Rule 404(b) if relevant to the issues of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. See United States v. Green, 698 F.3d 48, 55 (1st Cir. 2012). Rule 404(b) evidence is only admissible if, under Rule 403, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Id.

The First Circuit has established a two-part test for the admission of other acts evidence under Rule 404(b). First, the trial court must determine whether the proffered evidence "is relevant to any purpose other than to prove that a defendant has a propensity to commit a crime." United States v. Rodriguez-Berrios, 573 F.3d 55, 64 (1st Cir. 2009) (citing United States v. Aguilar–Aranceta, 58 F.3d 796, 798 (1st Cir. 1995)). Second, the court must determine, pursuant to Rule 403, "whether the probative value of the evidence is substantially outweighed by its danger of unfair prejudice." Id. In addition, the court "should, if requested to do so by

defense counsel, issue a limiting instruction to the jury concerning the purpose of such evidence in order to further reduce the potential for prejudice flowing from its admission." United States v. Escobar-de Jesus, 187 F.3d 148, 170 n.20 (1st Cir. 1999); see also United States v. Santana, 342 F.3d 60, 67 (1st Cir. 2003) (citing United States v. Vest, 842 F.2d 1319, 1327 (1st Cir. 1988), for the proposition that "prejudicial effect can be reduced by issuing an appropriate limiting instruction").

The First Circuit has emphasized that Rule 404(b) "is not exclusionary," but "permits the introduction of uncharged bad act evidence if the evidence is relevant for purposes other than proof of a defendant's bad character or criminal propensity, subject only to the limitations of Rule 403." Id. at 169 (citations omitted). For example, although some of the permissible uses of uncharged crimes evidence are enumerated in Rule 404(b) itself, that list is non-exhaustive. See United States v. Nicoli, 237 F.3d 8, 15 (1st Cir. 2001).

To the extent that the defense in this case is that the Defendant simply happened to trade three times in 2013 when his wife had critical material, non-public information, the fact that he also traded when she had critical material non-public information in 2012 goes to rebut that defense. Evidence of the timing of trades is such a critical piece of evidence in an insider trading case. The 2012 trading is strong additional evidence that the timing here is no coincidence. It is thus highly probative and there is no significant unfair prejudice.

Wherefore, the United States respectfully requests that the Court overrule Defendant's objection to Exhibits H, I, J, K, L, M and V.

Respectfully submitted,

ANDREW E. LELLING

By: *\/s/ Sara Miron Bloom*
Sara Miron Bloom
Assistant U.S. Attorney
Michael Vito
Special Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: September 27, 2018

*\/s/ Sara Miron Bloom*
Sara Miron Bloom