UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAROLD ALTVATER<br><br>Defendant. | No. 17-cr-10216-DJC |

**GOVERNMENT'S MEMORANDUM CONCERNING**
**ADMISSIBILITY OF SUMMARY EXHIBITS**

The government submits this memorandum to respond to Defendant's objections to the admission into evidence of certain summary charts prepared by the government's summary witness, Alexander Scoufis. The summary charts, now marked as exhibits Q, R, S and V are properly admissible as summary charts pursuant to Fed. Rule of Evid. 1006. In the alternative, the government submits that the court may admit the charts under Fed. R. Evid. 611(a).

**BACKGROUND**

The summary charts at issue summarize the defendant's trading in Ariad stock, Ariad stock price and volume data, telephone records, Ariad news announcements, and various Ariad emails received by Maureen Curran. The underlying records are undoubtedly voluminous, as they contain, collectively, thousands of points of data. While all of the underlying documents used to prepare the summary charts have been admitted into evidence, they cannot be conveniently examined in court because of the number of source materials and the need to compare timing of information across multiple documents at once.

The government is introducing the summary charts for the purpose of streamlining the trial and aiding the jury in its deliberations. Mr. Scoufis will testify regarding the process he

used to create the charts. The defendant has had a number of opportunities to review various drafts of the summary charts and has not yet to date raised any concerns that the charts contained factual inaccuracies or were otherwise misleading.

## ARGUMENT

*I. The Summary Charts are Admissible Under F.R.E. 1006*

Federal Rule of Evidence 1006 permits summaries, charts, or calculations to be admitted into evidence "to prove the content of voluminous writings, recordings, or photographs that cannot be easily examined in court." Fed. R. Evid. 1006. In evaluating whether underlying records are sufficiently voluminous, a court may consider "whether summarization would remove logistic or cognitive barriers to the jury's discharge of its duties." *United States v. Appolon*, 695 F. 3d 44, 62 (1st Cir. 2012). Once the court has made a determination that the underlying records are voluminous, all that is required is that the proponent show "that the voluminous source materials are what the proponent claims them to be and that the summary accurately summarizes the source materials." *United States v. Milkiewicz*, 470 F. 3d 390, 296 (1st Cir. 2006).

The government's summary charts provide the jury with the ability to compare Ariad stock price data, public announcements, the defendant's trading data, phone records, and emails in evidence with one simple visual depiction. Without these charts, jurors will be unable to readily compare Ariad's stock price to any of the events in the timeline around the defendant's trades. In addition, the jurors will need to sift through the defendant's brokerage records on their own to establish when he traded in Ariad stock in each of his accounts. The exercise is tedious and time consuming.

There is no dispute regarding the authenticity of the underlying source materials used to

construct each of the summary charts that the government seeks to admit – those materials have all been admitted into evidence.

  II. *The Summary Charts Are Admissible Under F.R.E. 611(a)*

If the court determines that the summary charts are not admissible under Fed. R. Evid. 1006, it retains discretion to admit the documents into evidence as pedagogical aids to illustrate or clarify the government's position. *Milkiewicz*, 470 F.3d 398. Here, because all of the underlying documents used to develop the charts have been admitted into evidence, and because there is no challenge to the accuracy or reliability of the summary charts, the documents may be admitted under Fed. R. Evid. 611(a) in the court's discretion to make the procedures for presenting evidence effective for determining the truth and to avoid wasting time. *Id.* at 398.

## CONCLUSION

The charts are likely to be useful to the jury in their deliberations. There is no reason the jury should have to search through voluminous records to recreate the relevant timeline. The United States submits that the organization of the variety of documents and data to pull the relevant data into a chronological format for the jury is both an appropriate summary chart and well within this Court's discretion to allow to go back to the jury room as an aid to the jury in their deliberations.

Respectfully submitted,

ANDREW E. LELLING

By:    */s/ Sara Bloom*
Sara Bloom
Michael Vito
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: October 3, 2018

                                                        */s/ Sara Bloom*
                                                        Sara Bloom